UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TAMARA M. HINE,            ) | | |
|     Plaintiff,            ) | | |
|                            ) | | |
| vs.                        ) | | 1:09-cv-416-SEB-TAB |
|                            ) | | |
| EXTREMITY IMAGING PARTNERS, INC.,  ) | | |
|     Defendant.           ) | | |

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS FOR LACK OF VENUE**

**I.     Introduction**

Plaintiff Tamara Hine sued her former employer, Defendant Extremity Imaging Partners, Inc. ("EIP"), alleging sex discrimination, age discrimination, and retaliation.  [Docket No. 1 at 4–5.]  Citing a forum selection clause in the employment contract, EIP moved to dismiss for lack of venue under Federal Rule of Civil Procedure 12(b)(6).  [Docket No. 8.]  Because Hine alleges she did not receive a copy of the employee manual containing the forum selection clause, the Magistrate Judge recommends that EIP's motion to dismiss be denied.

**II.    Background**

EIP's employee manual directs that "[a]ny controversy or claim arising out of or relating to this Employee Manual or the breach thereof, or relating in any way to your employment with EIP shall be settled by the Court of Common Pleas of Allegheny County, Pennsylvania." [Docket No. 9, Ex. 1 at 2.]  Hine signed the employee manual directly below the statement, "I have been given a copy of the Employee Manual and have read the Policy and Procedure Manual of Extremity Imaging Partners, Inc.  I understand and agree with their contents." [Docket No. 9, Ex. 1 at 3.]  George Beluk, Hine's supervisor at EIP, affirmed that he gave Hine an employee

manual that she kept.  [Docket No. 11, Ex. 1 at 2.]

>Hine presents a different story.  She affirmed as follows:
>
>George Beluk . . . gave me papers and told me that I had to sign the papers in order to work. . . .  Immediately after I signed the papers, George Beluk took the papers from me.  George Beluk and Extremity Imaging did not give me an opportunity to read an Employee Manual or a Policy and Procedure Manual of Extremity Imaging Partners, Inc.  I did not receive an Employee Manual and I did not receive a Policy and Procedure Manual of Extremity Imaging Partners, Inc. at any time that I worked for Extremity Imaging.

[Docket No. 10, Ex. 1 at 1.]  Hine also affirmed that she was denied a copy of the manual upon request.  [*Id.* at 2–3.]  Hine further affirmed that she has not lived or worked in Pennsylvania, and it would be an extreme hardship for her to conduct a case in Pennsylvania because she has no contacts there and lacks money to travel.  [*Id.*]

## III.   Discussion

In the Seventh Circuit, a lack of venue challenge based on a forum selection clause is appropriately brought as a Rule 12(b)(3) motion to dismiss.[1]  *Cont'l Ins. Co. v. M/V Orsula*, 354 F.3d 603, 606–07 (7th Cir. 2003) (citing *Frietsch v. Refco, Inc.*, 56 F.3d 825, 830 (7th Cir. 1995)).  In deciding such a motion, the Court may examine facts outside the complaint but must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff. *MicroMetl Corp. v. TranzAct Techs., Inc.*, No. 1:08-cv-0321-LJM-WTL, 2008 WL 2356511, at *3 (S.D. Ind. June 5, 2008); *Gallert v. Courtaulds Packaging Co., Inc.*, 4 F. Supp. 2d 825, 828

---

[1]EIP moved to dismiss under Rule 12(b)(6).  The Seventh Circuit has acknowledged that "[i]t is not entirely clear whether a motion seeking dismissal based on a forum selection clause . . . is better conceptualized as an objection to venue, and hence properly raised under Rule 12(b)(3), or as a failure to state a claim, and thus properly raised under Rule 12(b)(6)."  *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc*, 502 F.3d 740, 746 (7th Cir. 2007).  The Seventh Circuit has followed the majority rule of deciding such motions under Rule 12(b)(3).  *Id.*

(S.D. Ind. 1998) (citing *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 52 (7th Cir. 1996)); *see also* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1352 (3d ed. 2004).  Therefore, in considering this motion, all factual conflicts will be resolved in Hine's favor.

  EIP argues that its employee manual contains a valid forum selection clause, and the Court should dismiss Hine's complaint because venue is improper.  [Docket No. 9 at 2.]  EIP stresses that dismissal "will not deprive Hine of her day in court" because she may refile her claim in the appropriate Pennsylvania forum.  [Docket No. 9 at 3–4.]  Hine responds that the forum selection clause is unenforceable because it is the result of fraud, and its enforcement would violate public policy and result in unreasonably inconvenient litigation.  [Docket No. 10 at 4–5.]  She also argues that the venue provision "applies to state law, not federal discrimination claims," and that she "does not believe that federal discrimination laws can be governed by the laws of the Commonwealth of Pennsylvania or that federal discrimination claims must be filed in the Court of Common Pleas of Allegheny County, Pennsylvania."  [Docket No. 10 at 1, 3.]

  Forum selection clauses are not uncommon and are prima facie enforceable unless enforcement would be unreasonable under the circumstances of the particular contract.  14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3803.1 (3d ed. 2004).  A forum selection clause is unreasonable if it is unjust, invalid for reasons such as fraud or overreaching, or would effectively deprive a party of his or her day in court. *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 18 (1972); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 589, 595 (1991).

  Hine challenges the forum selection clause on three grounds.  Hine first argues that

enforcement of the forum selection clause would "violate the strong public policy for the enforcement of federal discrimination laws in federal court." [Docket No. 10 at 5.] Hine contends that application of the forum selection clause would "overrule the federal discrimination laws" and "allow[] employers to require their employees to enter into agreements that the federal discrimination laws do not apply . . . ." [*Id.*] However, there is no strong public policy for the enforcement of federal discrimination laws in federal court because state courts have concurrent jurisdiction over federal discrimination claims. *E.g.*, *Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821 (1990) (holding that state courts have concurrent jurisdiction over Title VII claims).

Next, Hine argues that enforcement of the forum selection clause would effectively deprive her of her day in court. [Docket No. 10 at 5.] It is true that litigation in Pennsylvania would burden Hine because of her current lack of funds and contacts in Allegheny County. But an Allegheny County forum would not render litigation of her discrimination claim effectively impossible. *Compare Carnival*, 499 U.S. at 587–88, 597 (upholding a forum selection clause requiring Washington state plaintiffs to bring action in Florida) *with Pearcy Marine, Inc. v. Seacor Marine, Inc.*, 847 F. Supp. 57, 59 (S.D. Tex. 1993) (invalidating forum selection clause because enforcement of an English forum, where contingent fees were apparently illegal, would deprive the plaintiff of any opportunity to pursue its claims).

Finally, Hine argues that the forum selection clause is unenforceable because it was obtained by fraud and overreaching. As evidence of fraud, she alleges that she was not allowed to read the employee manual and was not provided a copy despite her request. [Docket No. 10 at 4.] Hine also points to EIP's use of form language stating she had received and read the manual.

[*Id.*]

Ironically, the most analogous case the Court has located comes from Pennsylvania—the jurisdiction in dispute—whose law EIP argues applies, and whose cases Hine cites. In *Quiles v. Financial Exchange Co.*, 879 A.2d 281 (Pa. Super. 2005), an employee sued her former employer in state court. Citing an arbitration clause in the employee handbook, the employer petitioned to compel arbitration. The employee argued that the arbitration clause should not apply because, although she signed a form stating that she had read the handbook, she never actually received one. The Pennsylvania Superior Court upheld the trial court's denial of the employer's petition to arbitrate:

> Because [employee] was never given the handbook that included the information explaining the company's policy to exclusively arbitrate any workplace disputes, she was unable to accept the terms of the agreement to arbitrate. Without her acceptance, there was no agreement formed between the parties, and, thus, no grounds to compel arbitration of the present claims.

*Id.* at 283.

Even though Hine's situation involves a forum selection clause instead of an arbitration clause, *Quiles* is instructive. Forum selection clauses are similar to arbitration clauses in that both limit how a party can bring a claim, and both clauses are favored. Like the employee in *Quiles*, Hine signed a form stating that she had received and read the manual, when—construing all facts in Hine's favor per *MicroMetl Corp.*—she had done neither. Without receiving the employee manual, Hine was unable to accept the forum selection clause. The Magistrate Judge therefore concludes that the forum selection clause is unenforceable on this ground and recommends that EIP's motion to dismiss be denied.

**IV.     Conclusion**

At this stage, factual conflicts must be resolved in Hine's favor.  Hine alleges that she never received a copy of the employee manual containing the clause.  Therefore, the Magistrate Judge recommends that EIP's motion to dismiss for lack of venue [Docket No. 8] be denied.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within the ten days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date:   11/24/2009

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@fed-law.com

Maureen E. Ward
WOODEN & MCLAUGHLIN LLP
mward@woodmaclaw.com